UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | FILED: JULY 1, 2008 |
| | ) | Civil No. 08CV3751 |
| DANIEL W. HARTWIG; HARRIS N.A., | ) | JUDGE GETTLEMAN |
| *as successor trustee to* HARRIS BANK | ) | MAGISTRATE JUDGE SCHENKIER |
| ROSELLE UTS, *dated June 25, 1979 a/k/a* | ) | TG |
| *trust #11059*; and WASHINGTON MUTUAL; | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The United States of America, by and through its undersigned counsel, pursuant to 26 U.S.C. §§ 7401, 7402, and 7403, at the direction of the Attorney General of the United States, with the authorization and sanction, and at the request of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, brings this civil action to reduce to judgment the unpaid federal income taxes assessed against Daniel W. Hartwig ("Taxpayer") and to foreclose liens that have attached to real property in which the Taxpayer has an interest. The United States complains and alleges as follows:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1340, and 1345, and pursuant to 26 U.S.C. §§ 7402 and 7403.

2. The Taxpayer resides in Schaumburg, Illinois, which is within the jurisdiction of this Court.

3328480.1

- 2 -

3. Harris N.A., as successor trustee to Harris Bank Roselle UTS, dated June 25, 1979, a/k/a trust #11059, is named as a defendant in this action in its capacity as trustee of Illinois land trust #11059, a land trust that holds real property, discussed below in paragraph 5, for the benefit of the Taxpayer.

4. Washington Mutual is named as a defendant to this action because it may claim some right, title, or interest in the real property discussed below in paragraph 5.

5. On or about June 25, 1979, the Taxpayer obtained a beneficial interest, as a joint tenant with his then-wife Deborah L. Hartwig, over the real property located at 1021 Helene Lane, Schaumburg, Illinois 60193, by way of the Taxpayer and Deborah L. Hartwig being the sole beneficiaries to the land trust #11059, with full right of assignment or other disposition of all the property contained in that trust. The Schaumburg Property has the following description:

> Lot 38 in Block 2 in First Addition to Hill "N" Dale Subdivision, being a Subdivision of part of the Southeast quarter of Section 20 and part of the Southwest quarter of Section 21, Township 41 North, Range 10, East of the Third Principal Meridian, in Cook County, Illinois.

Parcel Identification Number 07-21-300-040-0000

6. At all times between April 1993 and September 1999, the Taxpayer owned an interest in Hartwig Hardwood Floors, Inc. (FEIN 36-3725838) ("Hartwig Hardwood") and was a person required to collect, truthfully account for, and pay federal unemployment and employment taxes on behalf of Hartwig Hardwood, per the terms of 26 U.S.C. § 6672.

7. On March 30, 1998, a delegate of the Secretary of Treasury made an assessment in the amount of $73,677.73 against the Taxpayer individually pursuant to 26 U.S.C. § 6672 for a trust fund recovery penalty for the quarterly periods ending June 30, 1993; June 30, 1994; March 31,

3328480.1

- 3 -

1997; and June 30, 1997, based on the failure of Hartwig Hardwood to pay over to the IRS taxes withheld from the wages of its employees.

8. Notice of the assessment and demand for payment was sent to the Taxpayer on or about the date of assessment.

9. Despite notice and demand for payment, the Taxpayer has failed to pay in full the debt he owes to the United States.

10. On May 22, 2000, a delegate of the Secretary of Treasury made an assessment in the amount of $36,334.62 against the Taxpayer individually pursuant to 26 U.S.C. § 6672 for a trust fund recovery penalty for the quarterly periods ending June 30, 1998; December 31, 1998; June 30, 1999; and September 30, 1999, based on the failure of Hartwig Hardwood to pay over to the IRS taxes withheld from the wages of its employees.

11. Notice of the assessment and demand for payment was sent to the Taxpayer on or about the date of assessment.

12. Despite notice and demand for payment, the Taxpayer has failed to pay in full the debt he owes to the United States.

13. As of June 12, 2008, the unpaid trust fund recovery penalties owed by the Taxpayer equal $189,906.35, consisting of the assessed balances and statutory additions thereon.

14. On the dates and for the taxable periods listed below, a delegate of the Secretary of the Treasury made assessments against the Taxpayer for unpaid federal income taxes (Form 1040), and statutory additions thereto. The assessed unpaid amounts are as follows:

3328480.1

- 4 -

| Year | Unpaid Assessed Amount | Date of Assessment |
|---|---|---|
| 2000 | $3,322.09 | 12/03/2001 |
| 2001 | $1,874.21 | 12/02/2002 |
| 2002 | $1,077.96 | 11/03/2003 |
| **TOTAL** | $6,274.26 | – |

15. Notices of these assessments and demands for their payments were sent to the Taxpayer on or about the respective dates of the assessments.

16. Despite notices and demands for payment, the Taxpayer has failed to pay in full the debt he owes to the United States.

17. As of June 12, 2008, the unpaid income tax liabilities owed by the Taxpayer equals $10,409.45, consisting of the assessed balances and statutory additions thereon.

18. In accordance with 26 U.S.C. §§ 6321 and 6322, federal tax liens arose as of the dates of the assessments set forth in paragraphs 7, 10, and 14, above, and such federal tax liens are superior to any other claims of the Defendants regarding property or rights to property belonging to the Taxpayer.

19. A delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien in accordance with 26 U.S.C. § 6323(f) regarding the Taxpayer in the office of the Cook County Recorder of Deeds, Illinois, on September 22, 1998, for the quarterly periods ending June 30, 1993; June 30, 1994; March 31, 1997; and June 30, 1997.

20. A delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien in accordance with 26 U.S.C. § 6323(f) regarding the Taxpayer in the office of the Cook County

3328480.1

- 5 -

Recorder of Deeds, Illinois, on June 13, 2001, for the quarterly taxable periods ending June 30, 1998; December 31, 1998; June 30, 1999; and September 30, 1999.

21.  A delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien in accordance with 26 U.S.C. § 6323(f) regarding the Taxpayer in the office of the Cook County Recorder of Deeds, Illinois, on March 12, 2004, for the taxable periods 2000, 2001, and 2002.

22.  On March 23, 2004, Deborah L. Hartwig quit claimed her interest in the Schaumburg Property to the Taxpayer.  A copy of the Quit Claim Deed reflecting this transfer of interest was recorded in the office of the Cook County Recorder of Deeds, Illinois, on April 20, 2004.

23.  On July 28, 2006, the taxpayer made an offer in compromise ("OIC") to the IRS in a supposed effort to settle his outstanding tax liabilities described above.

24.  On November 13, 2006, the IRS rejected the OIC made by the Taxpayer.

25.  The Taxpayer remains liable to the United States for the unpaid assessed amounts, plus interest, penalties, and other statutory additions, and minus various withholdings, that have accrued and continue to accrue by law.  As of June 12, 2008, the unpaid balance of the Taxpayer's liabilities described in paragraphs 7 through 14 is $200,315.80; statutory interest and other additions continue to accrue after June 12, 2008.

\*
\*
\*
\*
\*
\*
\*
\*
\*

3328480.1

- 6 -

WHEREFORE, the United States requests the following relief:

(1) that this Court enter judgment in its favor against Daniel W. Hartwig for the quarterly taxable periods ending June 30, 1993; June 30, 1994; March 31, 1997; June 30, 1997; June 30, 1998; December 31, 1998; June 30, 1999; and September 30, 1999; and the annual taxable periods ending 2000, 2001, and 2002 in the amount of $200,315.80, plus statutory additions and interest accruing after June 12, 2008, and including the costs of this action the Court deems appropriate;

(2) that this Court determine and adjudge that the federal tax liens arose with the notices of assessment and demands for payment issued to Daniel W. Hartwig and that these liens attached to all of his property and rights to property, including after-acquired property;

(3) that this Court determine and adjudge that the United States' federal tax liens have attached to Daniel W. Hartwig's interest in the Schaumburg Property, located at 1021 Helene Lane, Schaumburg, Illinois 60193-1328.

(4) that this Court determine and adjudge that the federal tax liens that have attached to Daniel W. Hartwig's right of disposition of the Schaumburg Property be foreclosed, and that the Schaumburg Property be sold by an officer of this Court according to law, free and clear of any right, title, lien, claim or interest of any of the parties to this action, and determine what portion of the net

\*
\*
\*
\*
\*
\*
\*
\*
\*

3328480.1

- 7 -

proceeds of the sale should be distributed to the United States for application to the federal tax

liabilities of Daniel W. Hartwig and to other parties

Dated this 1st day of July 2008.

RESPECTFULLY SUBMITTED,

PATRICK J. FITZGERALD
United States Attorney

JOHN L. SCHOENECKER
Trial Attorney, Tax Division
U.S. Department of Justice
Ben Franklin Station, PO Box 55
Washington, DC 20044-0055
Telephone: (202) 307-6573
Fax: (202) 514-5238
Email: John.L.Schoenecker@usdoj.gov

3328480.1